

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 3, 2025

**BY ECF**
Hon. Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Lackey v. Mishra et al.*, No. 25 Civ. 2572
            *Lackey v. United States*, No. 24 Civ. 8004 (JMF)

Dear Judge Furman:

      This Office represents Aruna Mishra, M.D., Faith Jones, N.P. a/k/a Faith Blair, N.P., Barbara McLean, M.D., BronxCare Health System, BronxCare Dr. Martin Luther King, Jr. Health Center, BronxCare Health Integrated Services Systems, Inc., and BronxCare Health and Wellness Center in the first above-referenced action that was removed from New York State Supreme Court, Bronx County, on March 28, 2025, and the United States of America in the second above-referenced action (collectively, the "Government").  With the consent of all parties to the above-captioned actions, I write to respectfully request that the Court consolidate the two actions, order Plaintiff to file or designate a new consolidated complaint by May 2, 2025, and order Defendants to respond to the consolidated complaint by July 1, 2025.  The parties also respectfully request that the initial pretrial conference in *Lackey v. United States*, currently scheduled for April 30, 2025, be adjourned to a date convenient for the Court after Defendants' responses to the consolidated complaint are filed.  This is the parties' second request to adjourn the initial pretrial conference; the Court granted the first request.

      Federal Rule of Civil Procedure 42(a) provides that a district court may consolidate "actions before the court involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "'A determination on the issue of consolidation is left to the sound discretion of the Court,'" *In re UBS Auction Rate Sec. Litig.*, No. 08 Civ. 2967 (LMM), 2008 WL 2796592, at *1 (S.D.N.Y. July 16, 2008) (quoting *Albert Fadem Tr. v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002)), and involves weighing considerations of convenience, judicial economy, and cost reduction while ensuring that the "paramount concern for a fair and impartial trial" is honored. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990) (citing *Flintkote Co. v. Allis–Chalmers Corp.*, 73 F.R.D. 463 (S.D.N.Y. 1977)). Where "all the movants support consolidation and . . . no party objects," such circumstances "weigh heavily against the potential for prejudice." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y 2007) (citing *Olsen v. N.Y. Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104-05 (E.D.N.Y. 2005)).

      Here, consolidation is plainly warranted.  Plaintiff filed these duplicative actions in state and federal court for procedural reasons.  However, both actions arise from the same medical care

provided to the decedent that allegedly caused her wrongful death, and present identical issues of liability, causation, and damages.  The only difference between the two cases is the named defendants.  Once the United States is substituted as a defendant in the removed action (as all parties anticipate), Dr. Luong and BronxCare Health System will be the only defendants named in the removed action, but not the prior federal action.[1]  Further, consolidation will promote judicial economy and fairness because it will allow the parties to conduct identical discovery and motion practice without the risk of disparate outcomes.  All parties consent to the request for consolidation.

For these reasons, the actions should be consolidated, and we respectfully request that the Court order Plaintiff to file or designate a consolidated Complaint on May 2, 2025, to which Defendants will respond on July 1, 2025.  The parties also respectfully request that the initial pretrial conference in *Lackey v. United States*, currently scheduled for April 30, 2025, be adjourned to a date convenient for the Court after Defendants' responses to the consolidated complaint are filed.

We thank the Court for its consideration of these requests.

Respectfully,

MATTHEW PODOLSKY
Acting United States Attorney

By:   /s/ *Harry K. Fidler*
HARRY K. FIDLER
Assistant United States Attorney
Telephone: (212) 637-2321
Email: harry.fidler@usdoj.gov

The motion to consolidate is GRANTED.  All future filings shall be submitted in Case No. 24-CV-8004.  Plaintiff shall file a consolidated Complaint no later than **May 2, 2025**, to which Defendants shall respond no later than **July 1, 2025**.  The initial pretrial conference currently scheduled for April 30, 2025 is hereby ADJOURNED to **July 16, 2025**, at **9:00 a.m.**  The call-in information remains the same.  The Clerk of Court is directed to terminate ECF No. 5 in 25-CV-2572 and ECF No. 13 in 24-CV-8004, and to close Case No. 25-CV-2572.

SO ORDERED.

April 4, 2025

---

[1] Acting United States Attorney Matthew Podolsky certified that BronxCare Health System was an employee of the United States Public Health Service and acting within the scope of its employment for purposes of the claims asserted against it in connection with the medical care at issue in the Complaint, except to the extent the claims against it arise from the alleged actions or inactions of the Uncovered Employees, as defined in the Notice of Removal, Dkt. No. 1.  With respect to those claims, BronxCare Health System will remain a named Defendant and is represented by separate counsel.