UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHONDA A. LACKEY, as Administrator of the Estate of
LOU ESTHER LACKEY, Deceased,

Plaintiff,

against

THE UNITED STATES OF AMERICA, ,

Defendant.

**CIVIL ACTION NO.:**
1:24-CV-8004 (JMF)

**ORDER APPROVING THE SETTLEMENT IN A WRONGFUL DEATH CASE**

On this __2nd__th day of __July__, 2026, the above-referenced matter came for approval

by the Court, pursuant to New York Estates Powers and Trust Law § 5-4.6 and Local Rule 83.2,

as to the fairness and reasonableness of a settlement between plaintiff SHONDA A. LACKEY, as

Administrator of the Estate of LOU ESTHER LACKEY, Deceased (the "Plaintiff") as to the Pain

and Suffering and Wrongful Death Causes of Action brought on behalf of LOU ESTHER

LACKEY. Plaintiff has submitted for consideration, the Declaration of Christopher M Nyberg,

Esq., duly executed on the __1__ of __July__, 2026, the Declaration of Jay Robert, Esq., duly

executed on the 25th day of June, 2026 (Exhibit EE), the Affidavit of SHONDA LACKEY

(Exhibit C), duly verified and acknowledged on the __2__ of __July__, 2026, the Affidavit of

Harvey Lackey (Exhibit D) duly verified and acknowledged on the __2__ of __July__, 2026,

the Affidavit of Sidra Lackey (Exhibit E), duly verified and acknowledged on the __2__ of

__July__, 2026, and the other attached exhibits.

The complete and precise terms and conditions of the settlement are set forth in the

Stipulation and [Proposed] Order of Settlement and Dismissal (the "Settlement Stipulation"),

attached hereto as Exhibit A,. The Court has reviewed the Plaintiff's motion for approval of the

settlement, and the documents submitted in support of the motion, and heard Plaintiff's arguments in favor of the settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the availability of funds in the account established by Congress for the payment of settlement and judgments for claims cognizable under 42 U.S.C. § 233(g). See 42 U.S.C. § 233(k).

The Court finds that the terms and conditions of this settlement, as set forth herein and in the Settlement Stipulation, are fair, reasonable, adequate, and in the best interests of the Plaintiff, including the Estate of LOU ESTHER LACKEY, along with all of the distributees of the Estate of LOU ESTHER LACKEY, including the decedent's daughter Esther Lackey, an Intellectually Disabled individual. The Court further finds that the terms and conditions of this settlement, as set forth in the Settlement Stipulation, satisfy the requirements of Local Civil Rule 83.2.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement between the Plaintiff and defendant THE UNITED STATES OF AMERICA, as set forth herein and in Exhibit A, is hereby approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Letters of Administration issued to the Administrator of the Estate of LOU ESTHER LACKEY, SHONDA LACKEY, granted on the 24th day of January 2023, are hereby modified to permit the compromise and collection of the proceeds thereof by said Administrator.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff SHONDA LACKEY, as Administrator of the Estate of LOU ESTHER LACKEY, be, and is hereby, authorized, empowered, and permitted to settle and enter into a compromise and settlement for the Causes of Action for Pain and Suffering and Wrongful Death brought on behalf of LOU ESTHER LACKEY, and her estate and distributees, for the sum of EIGHT HUNDRED NINETY NINE

THOUSAND DOLLARS AND NO CENTS ($899,000.00), to be paid by defendant THE UNITED STATES OF AMERICA.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant UNITED STATES OF AMERICA shall pay the total sum of EIGHT HUNDRED NINETY NINE THOUSAND DOLLARS AND NO CENTS ($899,000.00), as provided by the terms and conditions of the Settlement Stipulation, and only after the stated conditions are met.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff SHONDA LACKEY, as Administrator of the Estate of LOU ESTHER LACKEY, and/or her attorneys, are directed, authorized, and empowered to execute and deliver the Settlement Stipulation and any other documents that are necessary to consummate this settlement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court finds that the reimbursable costs and expenses of The Jacob D. Fuchsberg Law Firm, LLP associated with the litigation are TWENTY SIX THOUSAND TWO HUNDRED SEVENTY DOLLARS AND FOUR CENTS ($26,270.04), and that such expenses and costs are fair, reasonable, and necessary, and that the aforementioned disbursements can be withdrawn/paid by the Jacob D. Fuchsberg Law Firm from their client trust account from the Settlement Payment for the purposes of paying such attorneys amount.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the attorney's fees of The Jacob D. Fuchsberg Law Firm, LLP in this action shall be set at TWO HUNDRED TWELVE THOUSAND FORTY FIVE DOLLARS AND NINETY NINE CENTS ($212,045.99), which is an amount not exceeding twenty-five percent (25%) of the Settlement Amount, are hereby approved and are found to be fair and reasonable, and that the aforementioned attorneys' fees can be withdrawn/paid by the Jacob D. Fuchsberg Law Firm from their client trust account from the

3

Settlement Payment for the purposes of paying such attorneys amount.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff and/or the Estate of LOU ESTHER LACKEY is legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers, if any, including the Medicare Lien asserted against Plaintiffs' recovery in the amount of $60,138.15, arising from the subject matter of the action against the UNITED STATES OF AMERICA. The Court hereby orders the Plaintiff, by and through her attorneys, to satisfy or resolve any and all such valid past, present, and future liens or claims, if any for payment or reimbursement asserted by any individual or entity, including Medicaid and/or Medicare.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the commission of Administrator SHONDA LACKEY is hereby waived.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Settlement is allocated EIGHTY PERCENT (80%) to the Cause of Action for Pain and Suffering, which amounts to SEVEN HUNDRED NINETY THOUSAND TWO HUNDRED DOLLARS AND NO CENTS ($719,200.00). and TWENTY PERCENT (20%) to the Cause of Action for Wrongful Death, which amounts to ONE HUNDRED SEVENTY NINE THOUSAND EIGHT HUNDRED DOLLARS AND ZERO CENTS ($179,800.00), which results in the following breakdown of the settlement:

| | | |
|---|---|---|
| **Settlement Amount** | **$** | **899,000.00** |
| Disbursements | $ | 26,270.04 |
| Net Settlement Amount (after reduction by disbursements) | $ | 872,729.96 |

**Sliding Attorneys' Fee Calculation:**
Calculated as follows after deduction for disbursements:

| | | |
|---|---|---|
| 30% of the first $ 250,000.00 | $ | 75,000.00 |
| 25% of the next $ 250,000.00 | $ | 62,500.00 |

4

| | | |
|---|---|---|
| 20% of the next $ 500,000.00 | $ | 74,545.99 |
| 15% of the next $ 250,000.00 | $ | 0.00 |
| 10% of anything over $1,250,000.00 | $ | 0.00 |
| **Total Attorneys' Fee** | **$** | **212,045.99** |
| | | |
| 25% (FTCA Fee Rate) of Net Settlement Amount | $ | 218,182.49 |
| | | |
| Percentage Allocation to Pain and Suffering | | 80% |
| Allocation Amount to Pain and Suffering | $ | 719,200.00 |
| Proportional Disbursements for P&S Claim | $ | 21,016.03 |
| Proportional Attorneys' Fee for P&S Claim | $ | 169,636.79 |
| **Net Amount for P&S Claim (before liens/bills)** | **$** | **528,547.17** |
| Medicare Lien | $ | 60,138.15 |
| FDNY Bill | $ | 928.50 |
| Radiology Bill | $ | 959.00 |
| **Net Amount to Distributees for P&S Claim** | **$** | **466,521.52** |
| | | |
| Allocation to Wrongful Death | | 20% |
| Allocation Amount to Wrongful Death | $ | 179,800.00 |
| Proportional Disbursements for Wrongful Death Claim | $ | 5,254.01 |
| Proportional Attorneys' Fee for Wrongful Death Claim | $ | 42,409.20 |
| **Net Amount to Wrongful Death Claim** | **$** | **132,213.68** |

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the net proceeds of the Pain and Suffering Cause of Action ($466,521.52) are to be divided equally (25% each) among the four children of LOU ESTHER LACKEY, including SHONDA LACKEY ($116,630.38), Sidra Lackey ($116,630.38), Harvey Lackey ($116,630.38), and Esther Lackey ($116,630.38).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the net proceeds of the Wrongful Death Cause of Action ($132,136.79), shall be distributed and allocated as follows: 70% to Esther Lackey ($92,495.76); 10% to SHONDA LACKEY ($13,213.68); 10% to Sidra Lackey ($13,213.68); and 10% to Harvey Lackey ($13,213.68).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the funeral expenses of $1,532.00 paid for by Harvey Lackey using the savings of Lou Esther Lackey is hereby waived.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that SHONDA LACKEY, as legal guardian of the person of ESTHER LACKEY, be and hereby is authorized to execute the

Joinder Agreement to the NYSARC, INC. COMMUNITY TRUST I Pooled Trust and all other necessary documents to establish a Pooled Trust account for the benefit of ESTHER LACKEY, to be funded with her share of within proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Settlement Proceeds, which includes the net distributable estate, are to be paid as follows:

1.  The sum of $26,270.04 to the Jacob D. Fuchsberg Law Firm, LLC as and for their disbursements.

2.  The sum of $212,045.99 to the Jacob D. Fuchsberg Law Firm, LLC as and for their attorneys' fees.

3.  The sum of $129,844.06 to Shonda Lackey as and for her share of the net proceeds from the Cause of Action for Pain and Suffering and from the Cause of Action of Wrongful Death.

4.  The sum of $129,844.06 to Harvey Lackey as and for his share of the net proceeds from the Cause of Action for Pain and Suffering and from the Cause of Action of Wrongful Death.

5.  The sum of $129,844.06 to Sidra Lackey as and for her share of the net proceeds from the Cause of Action for Pain and Suffering and from the Cause of Action of Wrongful Death.

6.  The sum of $209,126.14 to Esther Lackey as and for her share of the net proceeds from the Cause of Action for Pain and Suffering and from the Cause of Action of Wrongful Death. which is to be paid to "NYSARC, Inc. Community Trust fbo Esther Lackey"

7.  The sum of $60,138.15 to Medicare as and for their lien.

8.  The sum of $959.00 to Radiology Advanced New Jersey, P.A. for their outstanding

6

bill.

9.  The sum of $928.50 to the Fire Department of the City of New York for their outstanding bill.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that The Jacob D. Fuchsberg Law Firm, LLP, is authorized and directed to make the above listed payments.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that NYSARC, Inc. Community Trust, as Trustee of the NYSARC, Inc. Community Trust fbo Esther Lackey, be and is permitted to make distributions for the Supplemental Needs of Esther Lackey in accordance with the terms of the Pooled Trust without further Order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that NYSARC, Inc. Community Trust, as Trustee of the NYSARC, Inc. Community Trust fbo Esther Lackey, be and is permitted to pay the attorney's fees of ROBERT LEGAL GROUP, PLLC in the sum of SIX THOUSAND FIVE HUNDRED DOLLARS ($6,500.00), which are hereby approved and are found to be fair and reasonable for the services rendered on behalf of Esther Lackey.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the filing of a bond is hereby dispensed with.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that after the payment of all sums due and payable by the United States of America and the entering of an order dismissing this case, this Court shall not retain jurisdiction over this matter, this settlement, or the United States.

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
Dated this ___2___ day of ____July_____, 2026
New York, New York

7